IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JOANNA HOOD,

    Plaintiff,

V.                                       CIVIL ACTION NO. 3:06-0349

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

    In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

    Plaintiff filed her application on November 5, 2001, alleging disability commencing January 29, 2000,[1] as a consequence of "nerves, irritable bowel syndrome, back, right shoulder, right wrist and right knee" problems. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

---

[1] Plaintiff's insured status expired December 20, 2004, and it was incumbent upon her to establish disability on or before that date. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971).

At the time of the administrative decision, plaintiff was forty-six years of age and had obtained a high school education. Her past relevant employment experience consisted of work as a sales clerk and phone operator. In his decision, the administrative law judge determined that plaintiff suffers from "irritable bowel syndrome, anxiety, and back and shoulder impairment," which he concluded were not severe.[2] On the basis of this finding, he found plaintiff not disabled.

Under the regulations, to be considered "severe" an impairment must significantly limit a claimant's physical or mental ability to do basic work activities.[3] "Basic work activities" are defined as "the abilities and aptitudes necessary to do most jobs," with examples being "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling . . .." Examples of mental functions include understanding, carrying out and remembering simple instructions, using judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting. See, 20 C.F.R. § 404.1521. Decisions in this circuit have interpreted the regulation as contemplating a finding of non-severity only if the impairment "is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Reichenbach v. Heckler, 808 F.2d 309, 311 (4th Cir. 1985). From a review of the record, the Court concludes that there are deficiencies with respect to the administrative law judge's severity and other findings which will require remand for further development.

Plaintiff complained most about difficulty with irritable bowel syndrome ("IBS"), a condition she has experienced for a number of years. The reports from Dr. Collins, her treating physician,

---

[2]20 C.F.R. §§ 404.1520, 404,1521.

[3]20 C.F.R. § 404.1520(c).

2

document some acute flare-ups from 2000 through 2002, but do not appear to reflect continuing problems. Plaintiff complained of crampy abdominal pain and swelling in December 2002, which Dr. Collins felt might have been due to diverticulitis,[4] but colonoscopy was negative for any abnormality. She then opined that these symptoms were due to IBS. In October 2003, abdominal pain and tenderness were assessed as resulting from "impacted feces with dysmotility of [the] colon."

In January 2004, plaintiff, who reported being under significant stress due to deaths in her family and the murder of a close friend, had a distended abdomen with hyperactive bowel sounds on exam. On June 10, 2004, Dr. Collins noted that plaintiff's IBS, which she described as "chronic" with predominant symptoms of abdominal bloating and pain, had been "fairly well-controlled with Librax."[5] Plaintiff's husband suffered a stroke during this month and when plaintiff returned to see Dr. Collins on August 2, 2004, she reported having increased stress due to her husband's slow recovery. She also complained of more symptoms of IBS, mainly constipation, which Librax was not helping as much as previously. Dr. Collins prescribed Zelnorm to see if this would help with bloating and constipation, which it did, but plaintiff reported it also caused severe cramps. Exam revealed the abdomen was not tender or bloated like it had been in the past.

The most recent office visit in the record is from November 16, 2004 and is a form containing a diagnosis of bronchitis with bronchospasm, severe cough, anxiety and panic, IBS and infected cysts in the genital area. There are no exam findings listed. Also contained in the record are diary entries and photographs plaintiff submitted which document, during the latter part of 2003 and

---

[4]Inflammation of the diverticula of the colon, which are little sacs formed along the large intestine. Attorney's Dictionary of Medicine, D-180 (2007).

[5]Librax is a medication used for treatment of IBS and peptic ulcer. Id. at L-104.1.

through August 2004, that she was experiencing pain, bloating and swelling of her stomach on numerous occasions and inability to accomplish daily activities.

At the conclusion of the hearing on September 14, 2004, the administrative law judge stated he wanted to look at updated treatment notes from Dr. Collins and reports of past surgeries, and he granted counsel additional time to submit these. The administrative law judge noted that after he reviewed this evidence, "I think I will send [plaintiff] to a gastroenterologist to see if we can get some opinions about her capabilities and see what is there." Counsel did not hear this statement and asked the administrative law judge to repeat it. The administrative law judge then stated "I will send [plaintiff] to an ME . . . once we get the updates. I will send her to a gastroenterologist to see if we can figure out what is going on." Counsel expressed agreement with this plan.

The additional evidence, a large exhibit consisting of Dr. Collins' reports from November 12, 1995 through November 16, 2004 and reports of prior surgeries in 1984 and 1986, was received on December 1, 2004 and marked as Exhibit 20F. In the interim, between this submission and the administrative law judge's decision, entered April 18, 2005, there was no referral of plaintiff to a gastroenterologist, and the administrative law judge did not indicate in his decision why he had concluded such action was unnecessary. Without an explanation for this decision, and considering the state of the record, reasoned review of the administrative law judge's decision is simply not possible.

As plaintiff notes, the administrative law judge's comments at the end of the hearing certainly indicate he had uncertainty about her IBS symptoms and their effect on her ability to work, and the evidence does appear to be inconclusive on this issue. It is difficult to understand, therefore, why he would not attempt to obtain additional evidence which would enable him to make a more informed

determination about the limitations (or lack thereof) imposed by this condition. The administrative law judge's findings as to non-severity of plaintiff's impairments are noted to be consistent with the medical opinions from the state agency medical advisors, which are the only medical opinions in the record. Although he did not explicitly say so, it certainly appears that he relied on these opinions in making his own findings. Because they are non-examining and non-treating physicians, these sources must rely on a review of the evidence in the record to formulate their opinions. Here, however, they did not review a significant portion of the record. Their opinions that plaintiff did not have a severe physical impairment are dated December 7, 2001 and May 13, 2002, prior to the submission of a significant amount of evidence from Dr. Collins which, as noted, suggests a worsening of plaintiff's IBS subsequent to the time that these assessments were completed. Similarly, the Psychiatric Review Technique forms reflecting findings of no severe mental impairment are dated February 25, 2002 and April 28, 2002, again well before a number of Dr. Collins' reports.

In Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986), the court held that the "ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate."[6] The evidence should have been further developed and the administrative law judge's questions as to the severity of plaintiff's IBS condition could have been answered by seeking an opinion from plaintiff's treating physician as to her understanding of the severity of plaintiff's IBS and the limitations it would impose on her ability to work and/or having plaintiff examined by a gastroenterologist who had also reviewed her medical records, including the photographs and diary entries, and provided an opinion as to her limitations. Not doing anything and choosing to rely on

---

[6]See also, Farnsworth v. Astrue, 604 F.Supp.2d 828, 855 (N.D. W.Va. 2009).

out-dated opinions from non-examining state agency medical advisors, as the administrative law judge did here, are errors which will require that this case be remanded for further development of the record with respect to plaintiff's conditions and their severity prior to her date last insured.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

ENTER:  June 5, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE