IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON


JOANNA HOOD,

       Plaintiff,

v.                                       CIVIL ACTION NO. 3:06-0349


MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.


**MEMORANDUM ORDER**

Presently pending before the Court is the Commissioner's motion, filed pursuant to Rule

59(e), Fed. R. Civ. P., to alter or amend this Court's June 5, 2009 Memorandum Order reversing the

final decision of the Commissioner and remanding this case for further development. Plaintiff has

filed a response in opposition to the Commissioner's motion.

In his motion, the Commissioner alleges the Court committed errors of law by assuming the

role of fact finder and misapplying the burden of proof and the standard of review.

Rule 59 simply provides that a motion to alter or amend a judgment must be filed no later

than ten (10) days after the entry of that judgment. The Court in Hutchinson v. Staton, 994 F.2d

1076, 1081 (4th Cir. 1993), found that courts interpreting this Rule have recognized three grounds

for amending an earlier judgment. One of these is "to accommodate an intervening change in

controlling law," which is not alleged here and is clearly not applicable. A second ground is "to

account for new evidence not available at trial." Again, this is not alleged by the Commissioner. The

third ground is "to correct a clear error of law or prevent manifest injustice." This is the ground upon

which the Commissioner bases his request to alter or amend the judgment. As one court stated,

Rule 59(e) should not be considered a means by which an unhappy litigant gets an additional chance

to influence the judge. Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990).

The Commissioner asserts that the Court placed an "impermissible duty" on the

administrative law judge in ordering remand for him to seek a residual functional capacity

assessment from plaintiff's treating physician and/or have her examined by a gastroenterologist who

had also reviewed her medical records.

There were two bases for the Court's remand – the administrative law judge's apparent

reliance on the outdated opinions of the state agency medical advisors in determining plaintiff had

no severe impairment – and his failure to further develop the record. With regard to the state agency

medical advisors' opinions, as the Court noted, they were submitted over two years before the

hearing, after which plaintiff submitted 72 pages of treatment notes from Dr. Jennifer Collins

covering the period from November 12, 1995 through November 16, 2004. These reports contain

a significant amount of information, reflecting treatment for various conditions including irritable

bowel syndrome, anxiety with panic attacks, back pain, allergic asthma and several other, more acute

conditions. They also document prescription of numerous medications, including Effexor,

Alprazolam and BuSpar for anxiety; Propranolol for panic attacks and palpitations; Librax for

irritable bowel symptoms; Vioxx for arthritis; and Singulair for allergies and mild asthma. All of

these were prescribed as of the date of the most recent report from Dr. Collins, but many of these

medications had been consistently prescribed prior to this time.

As the Court noted, the assessments from the state agency medical advisors were the only

opinions in the record about plaintiff's physical (or mental) limitations. Since these sources neither

examined nor treated plaintiff, the only information they considered in formulating their opinions

was the administrative record. Because their review did not include a significant amount of relevant evidence, their opinions simply were not reliable and could not constitute substantial evidence to support the administrative law judge's decision. The administrative law judge nonetheless relied on them in determining that plaintiff's medically determinable impairments, which he identified as irritable bowel syndrome, anxiety, and a back and shoulder impairment, were not "severe." The appropriate remedy for this deficiency is to remand to the Commissioner to re-evaluate the severity of plaintiff's medical conditions during the relevant period, as this Court did. Its finding is consistent with the authority granted under 42 U.S.C. § 405(g).

The more significant issue for the Commissioner seems to be what actions the Court ordered to be taken on remand. In order to re-evaluate the functional limitations resulting from plaintiff's impairments, the administrative law judge could rely on several sources. Updated opinions from non-examining, non-treating state agency medical advisors are one source, although such opinions cannot, by themselves, constitute substantial evidence supporting a denial of benefits when they are contradicted by all of the evidence in the record. Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986). Most informative would be an assessment or opinions from Dr. Collins, who treated plaintiff for a number of years and brings "a unique prospective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."[1] Further, 20 C.F.R. § 404.1513(b)(6) provides that a medical report "should" include a statement about what the claimant can still do despite his/her impairment(s). "Although we [the Commissioner] will request a medical source statement about what [the claimant] can still do despite [his/her] impairment(s), the lack of the medical source statement will not make the report incomplete." Dr. Collins' reports do not contain

---

[1]20 C.F.R. § 404.1527(d)(2).

a medical source statement, nor was one sought by the administrative law judge.[2] Her reports do reflect, however, that plaintiff's  irritable bowel syndrome was established by signs and symptoms and was not controlled with medication, despite the Commissioner's assertions to the contrary. As appears to be typical of irritable bowel syndrome,[3] plaintiff's symptoms would abate with either the use of medication or a decrease in her stress level, but symptoms returned again, usually within several months.

Another source of information would be a consultative examiner, although this would be much less satisfactory than opinions from the treating source, particularly if the examiner were not knowledgeable about gastrointestinal conditions or had not reviewed plaintiff's treatment history. Also, given the amount of time since plaintiff's insured status expired, this option admittedly appears to be of little value. As the Court noted, the comments made by the administrative law judge at the end of the hearing relative to the need to obtain a consultative exam by a gastroenterologist indicated his uncertainty about the severity and functional limitations caused by plaintiff's irritable bowel syndrome, as well as his clear belief that a further opinion on this issue was necessary. While these comments were not binding on him in terms of requiring him to take further action, they may have created an expectation on plaintiff's part that such exam would be conducted, and could have influenced any decisions she may have made concerning seeking an opinion from Dr. Collins as to

[2]Plaintiff and her counsel may want to exercise the option of obtaining an opinion from Dr. Collins themselves to ensure that such opinion is considered on remand.

[3]Irritable bowel syndrome ("IBS") is "a motility disorder involving the entire GI tract." It causes "recurring" symptoms which include "variable" degrees of abdominal pain, constipation and/or diarrhea and abdominal bloating. No anatomic cause can be found, but emotional factors, diet, drugs or hormones can cause or aggravate the symptoms. The Merck Manual, 7th Ed., Merck Research Laboratories, 1999 at 312-13.

the severity of her condition. To be fair to plaintiff, the administrative law judge certainly should have at least notified her of his decision not to seek a specialist's opinion.

The divergence between plaintiff's allegations as to the functional limitations resulting from her impairments and the administrative law judge's findings about the severity of those impairments created a significant conflict in the evidence that was not resolved satisfactorily by the administrative law judge's reliance on opinions from state agency medical advisors based on less than all of the evidence. In order to resolve that conflict, the record must be developed further. In so finding, the Court has not shifted the burden of proving plaintiff's case to the Commissioner.

The Court finds, based on the lack of support for the Commissioner's objections that the Memorandum Order and Judgment entered on June 5, 2009 do not contain errors of law which will require correction or that manifest injustice will result from the Court's findings therein. Hutchinson v. Staton, 994 F.2d at 1081. The Commissioner's motion to alter or amend the judgment will, accordingly, be denied, and it is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

ENTER:  April 22, 2010

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE